IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JERMAINE BUTLER,**  **Plaintiff,** | : : : : : : : : : | |
| | FILED | CIVIL ACTION |
| v. | OCT 1 9 2012 | |
| **BTC FOODS INC.,** *d/b/a Betty the Caterer,*  **Defendant.** | MICHAEL E. KUNZ, Clerk By_____: Dep. Clerk | No. 12-492 |

## MEMORANDUM OPINION

RUFE, J.                                                                                         October 19, 2012

Plaintiff Jermaine Butler initiated this action against his employer, Defendant BTC Foods Inc., d/b/a Betty the Caterer, alleging unlawful termination under the Americans with Disabilities Act ("ADA"),[1] and Pennsylvania common law. Before the Court is Defendant's Motion to Dismiss. For the reasons that follow, the Motion will be granted, and the Complaint dismissed without prejudice to Plaintiff's right to file an amended complaint.

## I. BACKGROUND[2]

Plaintiff, a 35-year-old man, began working for Defendant in 2007 in Philadelphia, Pennsylvania.[3] He was initially employed as a helper, but was later promoted to shipping and receiving.[4] In March 2010, Plaintiff sustained a double hernia at work.[5] He thereafter filed a

---

[1] 42 U.S.C. §§ 12101-12213.

[2] The facts alleged in the Complaint are accepted as true, and all reasonable inferences are drawn in favor of Plaintiff. ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994); Fay v. Muhlenberg Coll., No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[3] Compl. ¶¶ 10-11.

[4] Compl. ¶ 12.

[5] Compl. ¶ 13.

worker's compensation claim, and in April 2010, began a six-week medical leave of absence, returning to work in late June or early July 2010.[6] During the second half of 2010, after Plaintiff returned from his medical leave of absence, Plaintiff confided in management that he was suffering from depression in large part due to the death of his son, and that he was receiving treatment including therapy and medication.[7]

From around the time he confided in management about his depression through January 2011, Plaintiff alleges that "management treated him in a distant manner and were unnecessarily hostile towards him when they interacted with him."[8] Defendant terminated Plaintiff's employment on January 26, 2011, citing Plaintiff's criminal record as the reason for the termination.[9] Plaintiff avers that this purported reason was pretextual because Defendant was aware of Plaintiff's criminal record before he was hired (given that his criminal record predated his employment), and because Defendant was aware that other employees had criminal records and did not terminate them on this basis.[10]

In his two-count Complaint, Plaintiff asserts that he was terminated "due to: (1) his actual or perceived health problems; (2) due to his record of impairment; and/or (3) in retaliation for

---

[6] Compl. ¶¶ 13-16.

[7] Compl. ¶¶ 18-19.

[8] Compl. ¶ 20.

[9] Compl. ¶¶ 21-22.

[10] Compl. ¶ 23.

requesting reasonable accommodations (time off from work for health problems)."[11] He asserts that Defendant violated the ADA by terminating him for these reasons (Count I)[12] and that he was wrongfully terminated under Pennsylvania common law (Count II).[13] Defendant argues that Plaintiff has failed to adequately plead exhaustion of his administrative remedies, and that Plaintiff has failed to state a claim under the ADA or Pennsylvania common law.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" lacks enough substance to show that he is entitled to relief.[14] In determining whether a motion to dismiss should be granted, the court must consider only those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[15] Courts are not, however, bound to accept as true legal conclusions couched as factual allegations.[16] Something more than a mere *possibility* of a claim must be alleged; rather plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[17] The complaint must set forth "direct or inferential allegations respecting all the material elements

---

[11] Compl. ¶ 26.

[12] Compl. ¶¶ 24-27.

[13] Compl. ¶¶ 28-31.

[14] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).

[15] ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994); Fay v. Muhlenberg Coll., No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[16] Twombly, 550 U.S. at 555, 564.

[17] Id. at 570.

necessary to sustain recovery under *some* viable legal theory."[18] The court has no duty to "conjure up unpleaded facts that might turn a frivolous . . . action into a substantial one."[19]

### III. DISCUSSION

#### A. The ADA Amendments Act of 2008[20]

The ADA Amendments Act of 2008 ("ADAAA" or "the Amendments") was enacted on September 25, 2008, and became effective on January 1, 2009. The Amendments are not retroactive to cases filed before the January 1, 2009 effective date.[21] The Amendments apply, however, in cases, such as this one, where the case was filed and all relevant conduct occurred after the effective date of the Amendments.[22]

"The ADAAA amends the ADA in important respects, particularly with regard to the definition and construction of 'disability' under the statute."[23] The Amendments expand the definition of "disability" to include impairments which had been interpreted by the Supreme Court as being outside the ADA's protection.[24] Specifically, the term "disability" "shall be

---

[18] Id. at 562 (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984)) (internal quotation marks omitted).

[19] Id. (quoting McGregor v. Industrial Excess Landfill, Inc., 856 F.2d 39, 42-43 (6th Cir. 1988)).

[20] Pub. L. No. 110-325, 12 Stat. 3553. Although Defendant notes that the ADA was amended in 2008, Defendant asserts that the Amendments do not affect the Court's analysis in this case. Plaintiff does not address the applicability of the Amendments, but appears to apply the Amendments throughout. While Defendant does not find the applicability of the Amendments material or relevant to the Court's disposition of the current Motion, the Court disagrees and finds the Amendments relevant and applicable for the reasons explained herein.

[21] Weidow v. Scranton Sch. Dist., 460 F. App'x 181, 185 n. 7 (3d Cir. 2012).

[22] See, e.g., Socoloski v. Sears Holding, Corp., No. 11-3508, 2012 WL 3155523, at *3 n.4 (E.D. Pa. Aug. 3, 2012).

[23] Hohider v. United Parcel Serv., Inc., 574 F.3d 169, 188 n.17 (3d Cir. 2009).

[24] Wolski v. City of Erie, No. 08-289, 2012 WL 4499305, at *10 n.10 (W.D. Pa. Sept. 28, 2012).

construed in favor of broad coverage of individuals."[25] "The question of whether an individual's impairment is a disability under the ADA should not demand extensive analysis."[26]

Because Defendant calls into question whether Plaintiff has adequately alleged he has a "disability" under the ADA, the Amendments are relevant and material to the Court's analysis and the Court will consider Plaintiff's claims under the ADA as amended.

### B. Discrimination Under the ADA (Count One)

"To state a claim under the ADA, an individual must (1) be disabled within the meaning of the ADA; (2) be otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations; and (3) have suffered an adverse employment decision."[27] "The term 'disability' means, with respect to an individual--(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment."[28] Plaintiff alleges that he has a "disability" under each of these subsections.

#### 1. Physical or Mental Impairment that Substantially Limits One or More Major Life Activities

After the 2008 Amendments, "the term 'substantially limits' [is to be] interpreted and applied to require a degree of functional limitation that is lower than the standard for

---

[25] 42 U.S.C. § 12102(4)(A).

[26] ADAAA § 2(b)(5), 122 Stat. at 3554.

[27] Miller v. Univ. of Pittsburgh Med. Ctr., 350 F. App'x 727, 728-29 (3d Cir. 2009).

[28] 42 U.S.C. § 12102(1).

'substantially limits' applied prior to the ADAAA."[29] The term "is not meant to be a demanding standard."[30] "An impairment is a disability within the meaning of this section if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population."[31] "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working."[32]

"An impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting. Nonetheless, not every impairment will constitute a disability within the meaning of this section" and a Plaintiff is required to plead that an impairment substantially limits a major life activity to survive a motion to dismiss.[33] Here, the Complaint lacks sufficient factual averments for the Court to determine whether either Plaintiff's hernia or his depression is an impairment that substantially limits a major life activity.

With respect to Plaintiff's hernia, while "[a]n impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active," Plaintiff has not

---

[29] 29 C.F.R. § 1630.2(j)(iv).

[30] 29 C.F.R. § 1630.2(j)(i).

[31] 29 C.F.R. § 1630.2(j)(ii).

[32] 42 U.S.C. § 12102.

[33] 29 C.F.R. § 1630.2(j)(ii).

alleged that his hernia is anything more than a one-time occurrence.[34] Furthermore, an employee's inability to work for a period after recovering from surgery does not necessarily support a finding that Plaintiff has a disability under the ADA.[35] Accordingly, the Court finds that as currently pled, Plaintiff cannot sustain his "substantially limiting impairment" claim based on his hernia.

Nor can Plaintiff do so with respect to his depression. Although depression may constitute a disability under the ADA, Plaintiff does not allege that his depression limited a major life activity. Plaintiff merely alleges that he has been treated for depression for several years by seeing a psychologist and taking medication. He does not, however, allege any functional limitations caused by his depression, and contrary to Plaintiff's suggestion, the Court cannot infer that his depression limits major life activities in the absence of any alleged facts to support the claim.

### 2. Record of Impairment

"An individual has a record of a disability if the individual has a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities."[36] As explained above, the allegations are insufficient to support an inference that Plaintiff has an impairment that substantially limits a major life activity.

---

[34] See 42 U.S.C. § 12102(4)(D).

[35] See Gaus v. Norfolk S. Ry. Co., No. 09-1698, 2011 WL 4527358, at *15 (W.D. Pa. Sept. 28, 2011).

[36] 29 C.F.R. § 1630.2(k)(1). Plaintiff does not allege this is a misclassification case.

Similarly, the allegations are insufficient to support an inference that Plaintiff has a history of such an impairment.

Moreover, even if the Complaint alleged Plaintiff had a record of a disability, to establish that Defendant discriminated against him based on his record of impairment, Plaintiff must allege that Defendant relied on his record of impairment in taking the adverse employment action at issue.[37] Here, the Complaint does not contain factual allegations that support an inference that Defendant relied on Plaintiff's record of impairment in terminating his employment. These insufficiencies are fatal to his "record of impairment" claim.

### 3. Regarded as Having an Impairment

Under the Amendments, an individual is "regarded as" having an impairment where "that [individual] has been subjected to an action prohibited by [the ADA as amended] because of an actual or perceived impairment" that is not both "transitory and minor."[38] Under the "regarded as" prong, a plaintiff is not required to show that the impairment substantially limits a major life activity or that he has a record of impairment.[39] "Establishing that an individual is 'regarded as having such an impairment' does not, by itself, establish liability. Liability is established under title I of the ADA only when an individual proves that a covered entity discriminated on the basis of disability within the meaning of section 102 of the ADA, 42 U.S.C. § 12112."[40] The

---

[37] See Koller v. Riley Riper Hollin & Colagreco, 850 F. Supp. 2d 502, 515 n.8 (citing Esherlman Agere Sys., Inc., 554 F.3d 426, 437 (3d Cir. 2009)).

[38] 42 U.S.C. § 12102(3)(A), (B); 29 C.F.R. § 1630.2(g)(1)(iii).

[39] 42 U.S.C. § 12102(3)(A); 29 C.F.R. § 1630.2(g)(3).

[40] 29 C.F.R. § 1630.2(l)(3).

focus is on how a person has been treated because of a physical or mental impairment rather than on what an employer believed about the nature of the impairment.[41] As Federal Regulations make clear, this prong requires proof of causation.[42]

Here, Plaintiff alleges that "management treated him in a distant manner and were unnecessarily hostile towards him when they interacted with him."[43] He does not, however, factually support his stated belief that this behavior was related to his being "regarded as" disabled, and the timing of his termination in relation to the distant/hostile treatment and his return from medical leave is not enough, standing alone, to give rise to an inference that he was terminated because of a perceived disability given the facts as currently alleged.[44]

### C.   Retaliation Under the ADA (Count One)

Plaintiff alleges that he was also terminated "in retaliation for requesting reasonable accommodations (time off from work for health problems)."[45] An ADA retaliation claim requires "(1) protected employee activity; (2) adverse action by the employer either after or

---

[41] Kelly v. Drexell Univ., 94 F.3d 102, 108-09 (3d Cir. 1996).

[42] *Regulations to Implement the Equal Employment Provisions of the Americans With Disabilities Act, as Amended*, 76 Fed. Reg. 16977, 16984 (Mar. 25, 2011) (codified as 29 C.F.R. §1630.2(l)).

[43] Compl. ¶ 20.

[44] While the timing of an adverse employment action in relation to an employer's hostile treatment and that employer's coming know or perceive that Plaintiff is disabled may give rise to an inference that the adverse employment action was related to the employee's being regarded as having a disability, see generally Lauren W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007) ("[A] plaintiff usually must prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link."), here, the Complaint lacks specificity about the timing of the hostile treatment sufficient to support an inference of a causal connection. However, Plaintiff is granted leave to amend to clarify his allegations.

[45] Compl. ¶ 26.

contemporaneous with the employee's protected activity; and (2) a causal connection between the employee's protected activity and the employers action."[46] A plaintiff's request for accommodation, leave time, or other assistance must be made in good faith to be a protected activity.[47] Even though the law doesn't require a set of "magic words," the plaintiff "must make clear that [he] wants assistance."[48]

Here, Plaintiff made a request for assistance to accommodate his double hernia. The Plaintiff requested time off, which he was granted, and filed a workers compensation claim. However, as discussed, there is nothing to show a causal connection between his request and his termination. Additionally, the Plaintiff does not allege facts that could make it clear that he wanted assistance for his depression. Plaintiff merely informed Defendant that he had depression and was taking medication. Nothing in the Complaint leads to an inference that he would need or was asking for any accommodation for his depression.

D.  **Wrongful Termination Under Pennsylvania Common Law (Count Two)**

Plaintiff also asserts a state law claim for wrongful termination. Pennsylvania courts have not set out the elements for a wrongful termination claim.[49] However, district courts in this Circuit have "analogized such an action to that for retaliatory discharge under Title VII," and this

---

[46] Williams v. Philadelphia Hous. Auth. Police Dep't., 380 F.3d 751, 759 (3d Cir. 2004) (quoting Foglemen v. Mercy Hosp., Inc., 283 F.3d 561, 567-68 (3d Cir. 2002)).

[47] Williams, 380 F. 3d at 759 n. 2.

[48] Colwell v. Rite Aid Co., 602 F.3d 495, 506-07 (3d Cir. 2010) (quoting Conneen v. MBNA Am. Bank, N.A., 334 F.3d 318, 332 (3d Cir.2003).

[49] Acker v. Coco-Cola N. Am., No. 06-3670, 2007 WL 2955595, at *5 (E.D. Pa. Oct. 9, 2007).

10

Court finds this analogy persuasive.[50] Accordingly, to assert a wrongful termination claim, a plaintiff must allege that "(1) [he] engaged in protected activity, (2) he suffered an adverse employment action after or contemporaneously with the protected activity; and (3) there is a causal connection between his protected activity and the adverse employment action."[51]

As discussed above, Plaintiff has failed to support an inference that he requested an accommodation for his depression or that his worker's compensation request for his double hernia had a causal relationship with his adverse employment action.

### E. Exhaustion

A plaintiff who alleges discrimination under the ADA,[52] must exhaust his administrative remedies by filing a charge with the Equal Employment Opportunity Commission ("EEOC") before filing suit.[53] "The ensuing suit is limited to claims that are within the scope of the initial administrative charge."[54] Here, Defendant asserts that the Complaint should be dismissed because Plaintiff has failed to sufficiently allege exhaustion, which is in part due to his failure "to attach a copy of the EEOC charge form or formal charge or complaint, or right to sue letter" to the Complaint.[55] While there is no requirement that a right to sue letter be attached to a

---

[50] Id. (citing Chrisman v. Cigas Mach. Shop Inc., 293 F. Supp. 2d 538, 543 (E.D. Pa. 2003); Kennelly v. Pa. Tpk. Comm'n, 208 F. Supp. 504, 517 (E.D. Pa. 2002); Landmesser v. United Air Lines, Inc., 102 F. Supp. 2d 273, 277-78 (E.D. Pa. 2000)).

[51] Id. (citing Shellenberger v. Summit Bancorp, Inc., 318 F.3d 183, 187 (3d Cir. 2003).

[52] 42 U.S.C. §§ 12101-12213.

[53] Williams v. E. Orange Cmty. Charter Sch., 396 F. App'x 895, 897-98 (3d Cir. 2010) (citing 42 U.S.C. § 2000e–5(e)(1) and 42 U.S.C. § 12117(a) (adopting Title VII enforcement scheme and remedies for ADA)).

[54] Id.

[55] Doc. No. 5 at 8.

complaint,[56] a discrimination suit is limited to claims asserted in the EEOC charge, and therefore, Plaintiff must allege the basis for the charge.[57] Plaintiff has failed to do so here. Consequently, the Court will dismiss the Complaint for failure to sufficiently plead exhaustion, but will grant Plaintiff leave to amend to identify the claims asserted in the EEOC charge, which may be done by attaching the right to sue letter.

### IV. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, the Motion to Dismiss will be granted. The Complaint will be dismissed without prejudice to Plaintiff's right to file an amended complaint.[58]

An appropriate Order follows.

---

[56] Wardlaw v. City of Philadelphia, No. 09-2981, 2011 WL 1044936, at *3 (E.D. Pa. Mar. 21, 2011) (citing Gooding v. Warner-Lambert Co., 744 F.2d 354, 358 (3d Cir. 1984) and Balis v. Raltyline, No. 08-3456, 2009 WL 799277, at *4 n.2 (D.N.J. Mar. 25, 2009)).

[57] Williams, 396 F. App'x at 897-98.

[58] To the extent Plaintiff requests that the Court impose sanctions for Defendant's "frivolous" motion, the request is denied. The Court does not find the Motion frivolous and Plaintiff has failed to provide other grounds supporting the imposition of sanctions in this case.